Broadway Bank agt. Danforth.

---

# SUPREME COURT.

## The Broadway Bank agt. Danforth.

Where a party means to treat a paper or proceeding irregular, as amounting to a nullity, he should not only give notice of such intention but point out the alleged irregularity.

*New York Special Term*, 1852. The complaint was verified, but the defendant deeming the verification insufficient, put in his answer without oath. The plaintiff returned the answer without stating what his objection to it was.

Mitchell, Justice.—It is a rule that a party moving to set aside proceedings as irregular, must point out the irregularity, and also on the same principle that a party returning a pleading as irregular, shall also state in what it is irregular. In this way the opposite party is enabled to correct the irregularity, if it admit of correction, and the rights of the suitors are saved without subjecting them to the expense of application to the court. Here the plaintiff, by its cashier, swore to the truth of the complaint; the defendant put in an answer without oath, assuming that the verification of the complaint was a nullity; the plaintiff returned the answer, but without stating what his objection to it

was. If he had made the statement, the defendant would have had the opportunity to correct the answer, and perhaps would have done so. The plaintiff, therefore, was irregular on his part. But the irregularity of the defendant is still more glaring. He not only omits to point out to the plaintiff what is the supposed defect in the plaintiff's complaint, or its verification, but assumes also to adjudge the verification a nullity; and giving that assumption the force of an order of the court, as if the court had pronounced that in law there was no verification, he puts in his answer without any verification. If a party, even when moving the court to set aside a proceeding as irregular, must point out the irregularity, much more should he do so, when, without appealing to the court, he means to treat it as irregular; if he had done so, the plaintiff might have elected to cure the alleged irregularity.

Both parties being irregular, and the defendant being now notified of his irregularity, he should put in his answer under oath within the same time after the order to be entered shall be served upon him that he had when the answer was served, otherwise the plaintiff may proceed as if no answer were put in.